# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MAY DUONG,
　　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　　　Agency.

DOCKET NUMBER
PH-752S-17-0143-I-1

DATE: June 22, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

May Duong, Philadelphia, Pennsylvania, pro se.

Ariya McGrew, Esquire, and Jael Dumornay, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal without a hearing for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed a Board appeal after the agency suspended her without pay from the position of Mail Clerk, GS-0305-04, for 44 hours, effective September 19, 2016. Initial Appeal File (IAF), Tab 1 at 1-2, Tab 7 at 28, 30, 34-36. The administrative judge issued a jurisdictional notice in the acknowledgment order informing the appellant that the Board generally lacks jurisdiction over appeals of suspensions of 14 days or less and that her suspension might not be within the Board's jurisdiction.[2] IAF, Tab 2 at 3-4. The administrative judge explained exceptions to the general rule regarding Board jurisdiction over suspensions of 14 days or less, e.g., when an appellant has alleged in an individual right of action (IRA) appeal that she was suspended in retaliation for activities protected under 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *Id.* at 3. He explained that the appellant

---

[2] The acknowledgment order also included a notice on timeliness, to which the administrative judge ordered the appellant to respond. IAF, Tab 2 at 2. The appeal was filed on January 11, 2017, and thus appears to have been untimely filed. IAF, Tab 1 at 10; *see* 5 C.F.R. § 1201.22(b). The administrative judge did not reach the issue of timeliness, though, because the appellant failed to establish the Board's jurisdiction over the appeal. IAF, Tab 13, Initial Decision at 2 n.1.

bore the burden of proof on the issue of jurisdiction and afforded her an opportunity to file evidence and argument establishing the Board's jurisdiction. *Id.* at 4. He also gave the agency an opportunity to respond. *Id.* The appellant filed a response and a separate request for additional time in which to conduct discovery as to the jurisdictional issues.[3] IAF, Tabs 4-5.

¶3 The administrative judge issued a subsequent order to show cause, in which he gave the appellant additional information regarding her jurisdictional burden, including information about establishing the Board's jurisdiction in an IRA appeal. IAF, Tab 6 at 2-3. He ordered her to show cause in writing as to why her appeal should not be dismissed. *Id.* at 3. He ordered the agency to respond as well. *Id.* at 3-4. He also stayed the agency's requirement to submit an agency file and to respond to discovery requests until he could resolve the question of whether the appellant had exhausted her administrative remedies by first filing a complaint with the Office of Special Counsel (OSC) before filing an IRA appeal. *Id.* at 3. The administrative judge received responses from both the agency and the appellant before the record closed.[4] IAF, Tabs 7-8, 10. The administrative judge then issued the initial decision. IAF, Tab 13, Initial Decision (ID).

¶4 The administrative judge found that the Board lacks jurisdiction over the appeal because the appellant's suspension did not exceed 14 days in length and she failed to nonfrivolously allege any other basis for the Board's jurisdiction. ID at 3-4. The administrative judge found that the appellant had submitted no evidence in support of her assertion that she had exhausted her remedies with OSC, the preliminary step in establishing the Board's jurisdiction over an IRA appeal. ID at 3; IAF, Tab 10 at 8; *see* 5 U.S.C. § 1214(a)(3). Accordingly, the

---

[3] The administrative judge denied the request, finding that discovery was not necessary to address the threshold jurisdictional issues. IAF, Tab 6 at 4.

[4] The agency moved for time in which to reply to the appellant's response, which she filed the day that the record closed. IAF, Tabs 10, 12. The administrative judge found that dismissal of the appeal for lack of jurisdiction mooted the agency's motion. IAF, Tab 13, Initial Decision at 2 n.3.

administrative judge dismissed the appeal for lack of Board jurisdiction. ID at 4. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

¶5  The petition for review largely addresses the appellant's arguments on the merits of the suspension action. *Id.* at 3-13. The appellant argues that the agency's allegations of misconduct were false, the agency violated her right to due process or committed harmful error, and the agency suspended her in retaliation for filing equal employment opportunity (EEO) and OSC complaints and for reporting a health issue in the workplace, namely an infestation of insects. *Id.* She also asserts that the administrative judge did not analyze the evidence carefully and erred by not holding a hearing. *Id.* at 6, 10, 13.

¶6  The appellant's arguments on review almost exclusively address the merits of the suspension action and the affirmative defenses she alleges. She has not alleged, however, any basis for the Board's jurisdiction. The Board's jurisdiction is limited to those actions that are made appealable to it by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see* 5 U.S.C. § 7701(a). The appellant bears the burden of proof on the issue of jurisdiction. 5 C.F.R. §§ 1201.56(b)(2)(i)(A), 1201.57(b). The administrative judge, after providing notice of the jurisdictional issues before him, appropriately dismissed the appeal for lack of jurisdiction. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). A suspension of 14 days or fewer is not an appealable adverse action. *See* 5 U.S.C. § 7512(2); *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010). The Board likewise lacks jurisdiction over any issues related to retaliation for EEO activities because prohibited personnel practices under 5 U.S.C. § 2302(b) are not independent sources of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). As for her contention that the Board has jurisdiction over her appeal because the suspension was in retaliation for protected activity under 5 U.S.C. § 2302(b)(9), the appellant

failed to demonstrate that she exhausted her administrative remedies with OSC. Proof of exhaustion is the first element in establishing the Board's jurisdiction in an IRA appeal. 5 U.S.C. § 1214(a)(3); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 4 (2014).[5]

¶7    The petition for review includes several attached documents that predate the close of the record. Some of these documents pertain to the appellant's efforts to file an EEO complaint. PFR File, Tab 1 at 16-28. Others pertain to the agency's decision to suspend the appellant. *Id.* at 35-41. Additionally, the appellant included a print-out of an internet form for creating an account with OSC. *Id.* at 30-31. She also provided an email message from OSC dated December 1, 2016, which states in relevant part:

> This is to notify you that your electronic complaint has been received by OSC's E-Filing System. . . .

> This also serves to notify you of your file number, which is MA-17-0990. If you wish to send additional information or documents concerning this complaint, please identify this file number on each of your submissions.

*Id.* at 32.

¶8    Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The Board likewise will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). All of the documents submitted with the petition for review predate the close of the record, and the appellant has not alleged that they were unavailable to her before

---

[5] We have reviewed the relevant legislation amending the whistleblower protection statutory scheme enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

that time. These documents also are not of sufficient weight to warrant an outcome different from that of the initial decision. Except for the items pertaining to OSC, none of these documents address the jurisdictional issues upon which the administrative judge decided this appeal.

¶9        As for the submissions related to OSC, the Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of IRA exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that previously have been raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. Appellants may demonstrate exhaustion through their initial OSC complaint, evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and their written responses to OSC referencing the amended allegations. Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.*

¶10        The appellant did not submit a copy of her OSC complaint or other correspondence with that agency. The documents she did submit show only that she created an online account with OSC and filed a complaint. PFR File, Tab 1 at 30-33. They do not address the particular matters she reported to OSC. Accordingly, we conclude that the documents not only predate the close of the record, but they also fail to meet the Board's standard for materiality, and we will not consider them.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.